UNITED STATES DISTRICT COURT     O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SONIA ROCHA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-589 |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the motion to remand filed by Plaintiff Sonia Rocha.[1] Defendants have filed a response in opposition, to which Plaintiff has filed a reply.[2] After considering the motion, response, reply, record and relevant authorities, the Court **GRANTS** the motion to remand.

### I.  BACKGROUND

On July 16, 2013, Plaintiff filed suit in state court asserting various insurance-related causes of action arising from either of two hailstorms, which allegedly occurred exactly one year apart on March 29, 2012 or March 29, 2013.[3] Defendants removed the action to this Court on October 28, 2013, asserting subject matter jurisdiction under 28 U.S.C. § 1332, with the complete diversity due to the improper joinder of Defendants Team One Adjusting Service, LLC ("Team One") and Alex Sanchez ("Sanchez").[4] On November 26, 2013, Plaintiff filed the instant

---

[1] Dkt. No. 6.
[2] Dkt. Nos. 9 ("Response") & 10 ("Reply").
[3] *See* Dkt. No. 1, Attach. 4 ("Petition") at ¶ 16. The Court here notes that tales of sloppy draftsmanship are always cautionary.
[4] *See* Dkt. No. 1 ("Notice of Removal") at ¶ 17.

motion to remand, and the Court now considers the motion to remand in conjunction with the responsive filings.

## II. DISCUSSION

### A. Legal Standard

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[5] In light of the conjunctive requirements of the statute, failure to satisfy the diversity requirement is fatal to subject matter jurisdiction and, therefore, to a successful removal by Removing Defendants.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[6] At the same time, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[7] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[8]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[9] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[10] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure-12(b)(6) analysis; in the improper joinder context, the Court

---

[5] 28 U.S.C. § 1332(a).
[6] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[7] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[8] *Id.* (internal quotation marks and citation omitted).
[9] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[10] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

evaluates the petition under the state-court pleading standards.[11] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[12]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[13]

### B.  Analysis

As an initial matter, the Court defines the scope of its consideration. Defendants Team One and Sanchez, as the only non-diverse defendants, are the only defendants whose joinder affects the Court's subject matter jurisdiction. Secondly, the Court emphasizes that a determination that either Team One or Sanchez are properly joined serves to defeat the Court's subject matter jurisdiction and requires granting the motion to remand. As a result, the Court will first consider the propriety of Sanchez' joinder before considering that of Team One, if necessary. Finally, although the response asserts arguments which address the joinder of other defendant-adjusters, such as Defendant Perfetti, the analysis will only address Sanchez' joinder, even if the same arguments are applicable against Defendant Perfetti.

For ease of analytical progression, the Court first addresses Defendants' contention that "claims against an independent adjusting firm or an independent adjuster, where there is not privity with the insured, cannot be sustained."[14] As both parties acknowledge, the Texas

---

[11] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[12] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).

[13] *Id*. *See also* TEX. R. CIV. P. 45 & 47.

[14] *See* Response at ¶ 4.6.

Supreme Court most directly spoke to this issue in *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*,[15] where the Court specifically considered whether an insurer's agent-employee fell within the code's definition of a "person" subject to code-violation liability.[16] The *Garrison* Court first looked to statutory language, which then defined "person" with language highly similar to the following definition as currently codified in Chapter 541:

> "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor.[17]

The *Garrison* Court held that the agent-employee fell within the bi-partite definition of "person" by meeting both the classification criterion as an "individual," and the activity criterion as "engaged in the business of insurance." The reasoning bears on this analysis in two ways. First, the *Garrison* Court distinguished between individual employees of an insurer by reference to the activity criterion, *i.e.* whether the individual was "engaged in the business of insurance," contrasting the agent-employee with an insurer's janitor or clerical worker.[18] Second, the *Garrison* Court roundly rejected the petitioners' argument for an extra-statutory distinction between employees and non-employees, noting that such a view would betray the legislative intent to comprehensively regulate insurance, creating "anomalous results" such that independent agents would be subject to liability but employee-agents would not.[19]

---

[15] 966 S.W.2d 482 (1998).

[16] The Court here notes that the *Garrison* Court considered violations under Article 21.21, the previous iteration of the code violations asserted by Plaintiff.

[17] *Compare* TEX. INS. CODE § 541.002(2) (emphasis added) *with Garrison*, 966 S.W.2d at 485 ("'Person' means any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters and life insurance counselors.") (quoting TEX. INS. CODE, art. 21.21, § 2(a)).

[18] *See Garrison*, 966 S.W.2d at 486.

[19] *See id.* at 485-86.

4 / 9

Defendants now argue for the same, rejected distinction, albeit with reverse application, by asserting that Sanchez' independent, non-employee status prevents his individual liability for misrepresentation under the Texas Insurance Code.[20] The Court rejects this argument.

Defendants first attempt to support the argument by citing *Natividad v. Alexsis, Inc.*,[21] a case in which the Texas Supreme Court reiterated the need for a "special relationship," created by contractual privity, in order to sustain the claim at issue against the adjusting-company defendant. However, the *Natividad* Court was considering a claim for breach of the common law duty of good faith and fair dealing, a claim which Defendants acknowledge by footnote is not asserted against Team One and Sanchez, but nevertheless rely on *Natividad* as "relevant to illustrate the special relationship between the insured and the insurer."[22] Although arguably relevant to other claims asserted against the non-diverse defendants, the *Natividad* special relationship is irrelevant to the claim for violations of the Texas Insurance Code. For this reason, the Fifth Circuit in *Gasch v. Hartford Acc. & Indem. Co.* emphasized this limitation of *Natividad's* holding, writing that even if the plaintiffs' claim for breach of the common law duty of good faith and fair dealing were to fail under *Natividad*, "that case's holding still does not bar their [insurance code] claim against [the adjuster] and *Garrison* explicitly authorizes it."[23] Defendants' argument that *Gasch* stands for the proposition that only the employee of an insurer

---

[20] Although the Court acknowledges the two federal district court opinions cited in support of limiting *Garrison's* application only to defendants allegedly involved in the specific activity performed by the employee-agent in *Garrison*, the opinions: (1) are merely persuasive authority and not binding on this Court; (2) are inapposite since both describe a lack of allegational specificity which does not describe the instant petition; and (3) are unpersuasive in light of *Garrison's* defining "engaged in the business of insurance" by those specific activities *or by the necessity of insurance expertise to perform the job*, [*See Garrison*, 966 S.W.2d at 486] expertise which the Court finds is required for adjusters.

[21] 875 S.W.2d 695 (Tex. 1994).

[22] *See* Response at p. 4, n.1. *See also* Petition at ¶¶ 69 & 70 (asserting claim for breach of the duty of good faith and fair dealing against GeoVera alone).

[23] *Gasch*, 491 F.3d 278 (5th Cir. 2007).

can be held liable under the insurance code is, even in the most gracious light, a gross misinterpretation of the *Gasch* opinion.[24]

The propriety of determining insurance-code liability based on *Garrison's* bi-partite statutory application, rather than *Natividad's* special relationship rubric, is even reinforced by *Dagley v. Haag Engineering Co.*,[25] a case which Defendants curiously cite in support of *Natividad's* applicability.[26] In *Dagley*, a Texas court of appeals upheld summary judgment on insurance violations in favor of the engineering-company defendant since, "[a]s an independent firm hired to provide engineering services," the company was not "engaged in the business of insurance" within the meaning of the insurance code because it did not "make any representations regarding the coverage of the policies" or "adjust any claims."[27]

In contrast, the petition in this case directs several allegations against Sanchez, and specifically includes allegations that he engaged in the type of representation and adjusting actions which the *Dagley* Court found distinguishable:

> The Court has jurisdiction over Defendant Sanchez because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.[28]

> Defendant GeoVera assigned Defendant Team One to adjust the claim. Defendant Team One and/or Defendant GeoVera then assigned Defendant Sanchez and Defendant Perfetti as the individual adjusters on the claim. The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Sanchez conducted a substandard inspection of Plaintiff's Property. For example, Sanchez spent a mere forty (40) minutes inspecting Plaintiff's entire Property for hail storm and/or windstorm damages, including the time it took to get on the roof to scope damages. Furthermore, Sanchez was uncooperative and was quick to discount any damages Plainfif

---

[24] Response at ¶ 4.10 ("However, a proper reading of *Gasch* shows that an adjuster who is not an employee of the insurance company but only an employee of an entity hired by the insurance company to investigate or inspect a claim cannot be liable to an insured under the insurance code.") (emphasis in original).

[25] 18 S.W.3d 787 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

[26] *See* Response at ¶ 4.8.

[27] *Dagley*, 18 S.W.3d at 793.

[28] Petition at ¶ 10.

pointed out to him. Specifically, upon noting that the home's ceilings had sustained water damage, Sanchez stated that the damage was caused by Plaintiff taking hot showers. The inadequacy of Sanchez' inspection is further evidenced by his report dated May 6, 2013, which failed to include all of Plaintiff's hail storm and/or windstorm damages noted upon inspection. Moreover, Sanchez both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit. Ultimately, Sanchez' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Sanchez' inadequate investigation was relied upon by GeoVera in this action and resulted in Plaintiff's claim being undervalued and underpaid.[29]

Together, Defendants GeoVera, Team One, Sanchez, and Perfetti set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair her home, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which was resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.[30]

In light of the above allegations, the petition appears to sufficiently allege that Sanchez violated

§ 541.060 of the Texas Insurance Code, which states in relevant part:

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .[31]

The Court now addresses Defendants' arguments that the petition fails to adequately allege a

cause of action against Sanchez. Acknowledging the application of the state-court pleading

standards discussed above,[32] the first argument put forth by Defendants is that "Plaintiff has

---

[29] Petition at ¶ 19.
[30] *Id.* at ¶ 21.
[31] TEX. INS. CODE ANN. § 541.060 (West Supp. 2011).
[32] *See* Response at ¶ 4.23.

failed to give Defendants fair and adequate notice of the facts upon which Plaintiff's claims against Team One and Sanchez are based."[33]

However, the allegations set forth above belie Defendants' position. The portions of the petition set out above clearly allege Sanchez' role as an adjuster engaged in the business of insurance, such that he is a "person" subject to the insurance code.[34] Moreover, by alleging that Sanchez did not conduct a reasonable investigation and engaged in misleading or deceptive behavior, the petition sufficiently alleges that Sanchez violated portions of Section 541.060 of the insurance code.[35] As a result of those considerations, the Court finds that the petition both states a cause of action against Sanchez and gives Sanchez fair notice of the relief sought. These findings form the basis of this ultimate conclusion: the allegations in the petition are sufficient to state a claim against Sanchez under state-court pleading standards.

Finally, relying primarily on *Provident American Ins. Co. v. Castaneda*,[36] Defendants assert that the allegations do not indicate the type of damages which are recoverable against Sanchez based on an extra-contractual claim.[37] However, *Castaneda* affects the instant analysis only insofar as it requires that claims under the Texas Insurance Code establish a defendant's conduct was the cause in fact of the plaintiff's actual damages.[38] In *Hornbuckle v. State Farm Lloyds*, the Fifth Circuit indicated that this requirement, as applied to adjusters at this early stage in the proceeding, is satisfied by allegations that the adjuster was directly responsible for committing a violation of the insurance code and that the *Castaneda* causation-requirement is

---

[33] *Id.*

[34] *See* TEX. INS. CODE ANN. § 541.002 (West Supp. 2011); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998)).

[35] *See* TEX. INS. CODE ANN. § 541.060 (West Supp. 2011).

[36] 988 S.W.2d 189 (Tex. 1998).

[37] *See* Response at ¶ 4.16.

[38] *Castaneda*, 988 S.W.2d at 192.

met by those allegations.[39] Here, the allegations clearly allege Sanchez' individual violations, and further that the conduct resulted in Plaintiff's damages; though the cases cited by Defendants require ultimate evidentiary support for those allegations, those allegations are taken as true at this stage of the proceedings.

### C.  Conclusion

In light of the above, the Court finds that Sanchez is properly joined. Since this finding vitiates the jurisdictionally-requisite diversity, the Court will not consider further arguments regarding Team One, the other non-diverse defendant.

### III. CONCLUSION

Based on the foregoing considerations, the Court finds that Defendants have not met their burden that a non-diverse defendant is improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are not completely diverse and **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to the 92nd Judicial District of Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 8th day of January, 2014, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[39] Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 545 (5th Cir. 2004).